UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA, WEST PALM BEACH DIVISION

IN RE:

BARBARA ANN RUBSKY                    CASE NO.:  09-27468-EPK

     Debtor(s)                                 CHAPTER 7

ADDRESS:    761 NW FLORESTA DRIVE
                 PORT SAINT LUCIE, FL 34983

LAST 4 OF SSN:    xxx-xx-3560

_____/

**CARRINGTON MORTGAGE SERVICES, LLC, SERVICER AND ATTORNEY IN FACT
FOR FLAGSTAR BANK, FSB'S MOTION FOR RELIEF
FROM AUTOMATIC STAY FOR CAUSE**

**WAIVER OF 30-DAY REQUIREMENT
FOR HEARING ON MOTION FOR RELIEF**

      CARRINGTON MORTGAGE SERVICES, LLC, SERVICER AND ATTORNEY IN FACT FOR FLAGSTAR BANK, FSB ("CREDITOR"), by and through its undersigned counsel, hereby moves the Court pursuant to Section 362(d) of the Bankruptcy Code for relief from the automatic stay for cause and says:

      1.      CREDITOR waives the 30-day hearing requirement of § 362(e) and requests that a hearing be held on the Motion, **if necessary,** after the 341 Meeting of Creditors, which is scheduled for September 30, 2009.

      2.      In compliance with Local Rule 9073-1, undersigned counsel's office has contacted all adverse parties to attempt to resolve this matter without a hearing.

      3.      CREDITOR  is a secured creditor of BARBARA ANN RUBSKY ("DEBTOR").

      4.      CREDITOR has standing to bring this Motion.  CREDITOR is not required to produce an Assignment of the Security Instrument pursuant to applicable law.

      a.      Where a note secured by a mortgage is transferred without any formal assignment of the mortgage, the mortgage in equity passes as an incident to the debt, unless there is some plain and clear agreement to the contrary. *Johns v. Gillian,* 140 (Fla. 1938). "A mere delivery of a note an mortgage, with intention to pass the title, upon a proper consideration, will vest the equitable interest in the person to whom it is so delivered." *Id.,* at 143. "Because the lien follows the debt, there was no requirement of attachment of a written and recorded assignment of the mortgage in order for the appellant to maintain the

foreclosure action." *Chemical Residential Mortgage v. Rector,* 742 So.2d. 300 Fla. 1st DCA, 1998), *rev. denied* 727 So.2d 910 (1999).    To foreclose upon a promissory note, the plaintiff must be the "holder" in order to be the real party in interest.    *Troupe v. Redner, 652 So2d 394 (Fla 2d DCA 1995),* citing *Withers v. Sandlin, 36 Fla. 619, 18 So. 856 (1896); Laing v. Gainey Builders, Inc., 184 So 2d 897 (Fla 1st DCA 1966).*   The "holder", with respect to a negotiable instrument, means the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession.   § 671.201(20), Fla. Stat. (2002).   "Bearer" means the person in possession of an instrument, document of title, or certificated security payable to bearer or indorsed in blank.   § 671.201(5), Fla. Stat. (2002).

       b.     In the event a formal assignment is delivered to the Plaintiff, applicable  Law has established that the "effective date" is the date of transfer of interest in the mortgage as opposed to the date the assignment document was executed.  *WM Specialty Mortgage. LLC v. Salomon,* 874 So2d. 680 (Fla 4th DCA 2004); *Citing: Johns v Gillian,* 184 So. 140, 143 (Fla 1938).

     5.     CREDITOR holds a security interest in the Debtor's principal residence, located at 761 NW FLORESTA DRIVE, PORT SAINT LUCIE, FL 34983 by virtue of a Mortgage which secures a Note executed by the Debtor.  Copies of the Note and Mortgage are attached hereto and incorporated herein as composite Exhibit "1".

     6.     The Mortgage gives CREDITOR a lien on "The Property" legally described as:

        LOT 4, BLOCK 18, PORT ST. LUCIE, SECTION TWENTY-FIVE, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 13, PAGE 32, PUBLIC RECORDS OF ST, LUCIE COUNTY, FLOIRIDA.

### CREDITOR ENTITLED TO RELIEF

     7.     Based on DEBTOR'S Schedules, said property has been claimed homestead by the DEBTOR.

     8.     The property has not been abandoned by the Trustee.

     9.     Payments pursuant to the Mortgage have been in default, as more particularly set forth in the Creditor's Affidavit in Support attached hereto and incorporated herein as Exhibit "A".

     10.    The Debtor is indebted to CREDITOR in the amount of $120,424.61, with interest accruing at the rate set forth in the Note, plus other fees and costs advanced pursuant to the Note and Mortgage. Detail of the post-petition and pre-petition amounts due are set forth in the Indebtedness Worksheet and the

Amount of Alleged Post-Petition Default Sheet prescribed by the Southern District Motion for Relief Guidelines are included in the Affidavit in Support of the Motion for Relief and incorporated herein as Composite Exhibit "2". The amount of pre-petition amounts due are $ 118,834.89 and the post-petition amounts are $ for a total of $120,424.61.

11.     Pursuant to the Property Appraiser, the property is valued at $83,700.00. Please refer to Exhibit "3" of the attached affidavit in support of the Motion for Relief. Pursuant to *Rule 803(8) Federal Rules of Evidence*, the property appraiser valuation is permissible.

12.     CREDITOR'S post petition payment address is 1610 E St. Andrew Pl # B150, Santa Ana CA  32705.

13.     Creditor's security interest in the subject property is being significantly jeopardized by the Debtor's failure to make regular payments under the subject loan documents while Creditor is prohibited from pursuing lawful remedies to protect such interest.

14.     CREDITOR maintains that cause exists pursuant to 11 U.S.A. §362(d)(1) for the automatic stay to be lifted.

15.     If CREDITOR is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

17.     The supporting affidavit establishes the location of the original note and mortgage and  that CREDITOR is the owner and holder of the Note and Mortgage.  As such, CREDITOR is entitled to seek relief from the automatic stay and to enforce the provisions of the Note and Mortgage.


**WHEREFORE,** CARRINGTON MORTGAGE SERVICES, LLC, SERVICER AND ATTORNEY IN FACT FOR FLAGSTAR BANK, FSB, waives the requirement under § 362(e) that a hearing be held within 30-days of  filing the Motion for Relief from the Automatic Stay, and respectfully requests that a hearing on its Motion, if one is necessary, be scheduled after September 30, 2009 and prays the Court enter an order granting it relief from the automatic so it may enforce its note and mortgage in state court by proceeding with its action to foreclose on the property which secures the mortgage.  And for any other relief this Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth Local Rule 2090-1(A).

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this day, September 11, 2009, I served  copy of the foregoing either

electronically and/or via first class U.S. mail upon:

BARBARA ANN RUBSKY
761 NW FLORESTA DRIVE
PORT SAINT LUCIE, FL 34983
*Debtor(s)*

JOHN F. LANGLEY, ESQ.
1801 SE PORT ST. LUCIE BLVD
PORT ST. LUCIE, FL 34952
*Attorney for Debtor(s)*

MICHAEL R. BASKT
PMB 702
222 LAKEVIEW AVE #160
WEST PALM BEACH, FL 33401
*Trustee*

SMITH, HIATT & DIAZ, P.A.
Attorneys for Creditor
2691 E. Oakland Park Blvd.
Suite 303
Fort Lauderdale, FL  33306
Phone: (954) 564-0071
Fax:  (954) 564-9252
E-mail: rdiaz@smith-hiatt.com


By: <u>/s/Roy A. Diaz</u>
     Roy  Diaz
     Florida Bar No.767700


1423-72338